■ LEONARD J. STEEN, JR., Respondent, v. PETER KLOSS, Defendant, MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent, and MARYLAND CASUALTY COMPANY, Appellant. — In an action for judgment declaring the rights of the respective parties, the defendant Maryland Casualty Company appeals from a judgment of the Supreme Court, Kings County, entered December 17, 1962 upon the decision-opinion of a Special Referee after trial before him, which, *inter alia*, adjudged that the automobile liability insurance policy issued by said defendant was still in effect and that it was obligated to defend the defendant Kloss, the insured under the policy, in an action against him by the plaintiff as a result of a collision between their motor vehicles. Judgment reversed on the law and the facts, and a new trial granted, with costs to abide the event. In our opinion, the evidence disclosed by this record is insufficient to determine: (a) when, if ever, the defendant Kloss received plaintiff's attorney's letter of July 5, 1961; (b) whether the circumstances of the accident itself were sufficient to require notice to the defendant insurance carrier;

(c) whether Riverside Agency, an insurance brokerage agency, was authorized to receive notice for the defendant insurance carrier; and (d) whether written or oral notice was given. It appears that evidence as to these factual issues can be produced at a new trial and, therefore, in the interest of justice a new trial is granted. Kleinfeld, Acting P. J., Christ, Hill, Rabin and Hopkins, JJ., concur.